## THE HELEN HASBROUCK.[1]

### SOPER v. PAREIS.

### PAREIS v. THE HELEN HASBROUCK.

*(District Court, E. D. New York.   July 23, 1886.)*

COLLISION—SCHOONER AND TUG—OVERTAKING VESSEL—LIABILITY.
   Where a collision occurred in the North river between a schooner and a tug, whereby the latter was run down by the sailing vessel, it was held, on the evidence, that the schooner was the overtaking vessel, should therefore have avoided the tug, and was in fault for the collision.

In Admiralty.
*Owen & Gray,* for Soper and the Helen Hasbrouck.
*Alexander & Ash,* for Pareis.

BENEDICT, J.   The course of the schooner is proved to have been directly up the North river, or one point to the eastward of the course of the river.   The difference of one point would not be important. The case turns upon the course of the tug; for if the course of the tug was the same as that of the schooner, or within one point of the course of the schooner, the schooner, which broke ground below the tug, was the following vessel, and bound to avoid the tug.   If, on the other hand, the tug's course was crossing that of the schooner, the obligation to avoid the schooner rested upon the tug, and she was in fault for not having done so.   Upon this question my opinion is with the tug.   The testimony from the schooner as to the course of the tug is too strong, for they make the tug heading towards Central Ferry, Jersey City.   Bound, as the tug was, for Sixty-eighth street, in New York, it seems to me incredible that she should have been sailing towards Central Ferry, Jersey City.   Her natural course would be the course given by those in charge of her, viz., up the river. Upon that course it is evident that, with a proper lookout, which she says she had, the approach of the schooner from astern might not have been observed.   Upon that course she might have been struck as she was struck.   Upon the course given her by those on the schooner, such a blow as the schooner delivered her, the schooner bringing up on the tug's fantail, and her martingale jamming the pilot-house door, does not appear to me possible.
   The evidence from the respective vessels cannot be reconciled. The testimony of some of the witnesses must therefore be disregarded. The probabilities of the case, the distance of the tug, and the blow that was delivered, lead me to disregard the testimony from the schooner that the tug was seen by them upon a course for Central

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

Ferry, and to adopt the testimony of those witnesses who say that the tug was going up the river, and was run over by the schooner overtaking her from below. The libelant, John J. Pareis, must therefore recover for the loss of his tug, and the libel of Soper for the injury to the schooner must be dismissed.