## THE LUZERNE.

(Circuit Court of Appeals, Second Circuit.    November 7, 1907.)

### No. 37.

COLLISION—TUGS WITH TOWS MEETING—UNAVOIDABLE ACCIDENT.

> The sheering of a tug having a car float on her side, causing the float to come into collision with and sink a vessel in a meeting tow, which sheer was caused by a collision between the tug and an overtaking schooner on the other side, whose duty it was under the rules to keep out of the way, *held* due to inevitable or unavoidable accident or to the initial fault of the schooner, which in either case did not render the tug liable for the collision.

> [Ed. Note.—Overtaking vessels, see note to The Rebecca, 60 C. C. A. 254.]

Appeal from the District Court of the United States for the Southern District of New York, in Admiralty.

See 148 Fed. 133.

James J. Macklin and La Roy S. Gove, for appellant.
Butler, Notman & Mynderse and A. G. Thacher, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM.    We have examined the record with care, and find no reason to differ with the conclusion reached by the district judge. We do not think the accident inevitable in the strict legal sense, but unavoidable, so far as the Luzerne is concerned.    The great preponderance of testimony points to the schooner as the overtaking vessel, and therefore required by rule 22 [U. S. Comp. St. 1901, p. 2898] to keep out of the way of the tug.    The Helen Hasbrouck (C. C.) 29 Fed. 463.

Her action precipitated a situation of peril, which resulted in the sinking of the Daly; but we think the Luzerne met the exigencies thus presented with skill and prudence.    We are unable to point out any act or omission on her part which can be fairly characterized as negligence.    She was manned by an intelligent crew and was in charge of a navigator of unusual experience.    In easing her helm to avoid collision with the schooner, he took what appears to be the wisest course; but, assuming that he was mistaken, it was an error in judgment in a crisis brought about by no fault of his, and for which his vessel cannot be held responsible.    The Oregon, 158 U. S. 186, 15 Sup. Ct. 804, 39 L. Ed. 737.

Whether the collision was the result of inevitable accident or attributable to the initial fault on the part of the schooner is immaterial, so far as this controversy is concerned.    It is enough that no fault can be imputed to the Luzerne.

The decree is affirmed, with costs.